IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| QUINTON O. CANTON, ) | |
| ) | |
| Movant, ) | |
| v. ) | Civil No. 16-0875-CV-W-FJG |
| ) | Crim. No. 10-00146-01-CR-W-FJG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on August 11, 2016).

### I. BACKGROUND

On May 25, 2010, movant was charged in a two-count indictment with being a felon in possession of a firearm (Count One) and ammunition (Count Two), in violation of §§ 922(g)(1) and 924(a)(2). On April 27, 2011, movant pled guilty to Count Two of the indictment, without a written plea agreement. On September 12, 2011, the district court sentenced movant to 180 months' imprisonment under 18 U.S.C. § 924(e), the Armed Career Criminal Act, with five years of supervised release to follow.

Movant appealed. The Eighth Circuit affirmed movant's sentence on March 19, 2012, finding that movant's second degree burglary convictions counted as violent felonies under the ACCA. United States v. Canton, 464 Fed. Appx. 551, 552 (8th Cir. 2012). The Eighth Circuit further found that movant's prior Missouri conviction for sale of cocaine base qualified as a "serious drug offense" under the ACCA. Id. at 553. The Eighth Circuit further found that movant's sentence, to the statutory minimum under the ACCA, did not constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Id.

On March 25, 2013, movant filed his first *pro se* motion to vacate, set aside, or

correct his sentence, asserting that counsel was ineffective for failure to file a petition for writ of certiorari after the Eighth Circuit made its decision. Movant asserted that his appeals counsel should have filed a petition for writ of certiorari, asserting that the decisions in Descamps v. United States, 570 U.S. ____, 133 S.Ct. 2276 (2013) and Alleyne v. United States, 570 U.S. ___, 133 S.Ct. 2151 (2013) would have an impact on his sentence. The Government responded on May 16, 2013 (Doc. No. 9), indicating (1) failure to file a petition for writ of certiorari does not constitute ineffective assistance counsel, in that due process does not guarantee a constitutional right for litigants to the assistance of counsel given that writ of certiorari is discretionary, see Steele v. States, 518 F.3d 986, 988 (8th Cir. 2008); and (2) the outcomes of Descamps and would have no impact on movant's case.

Instead of filing reply suggestions to the government's brief, movant filed a Motion to Supplement § 2255 Petition Based upon Recent Decisions Announced by Supreme Court of the United States (Doc. No. 13, filed on August 1, 2013). Movant requested to supplement his original petition using the recently-announced decisions in Descamps and Alleyne. The government opposed (Doc. No. 19, filed on November 4, 2013), indicating that (1) movant's new arguments have nothing to do with ineffective assistance of counsel; (2) the Descamps case does not apply retroactively to movant's case; and (3) the California burglary statute at issue in Descamps is distinguishable from the Missouri burglary statute at issue in movant's case. The government also argued that the Alleyne decision does not require the issue of predicate convictions to be submitted to the jury, as Alleyne does not overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998), which removed prior convictions from the class of facts which must be submitted to a jury to increase a defendant's sentence.

On January 17, 2014, the Court entered its order granting movant's motion for leave to file a supplemental section 2255 motion, finding that the motion should be

2

granted because Descamps and Alleyne had not been decided at the time of the filing movant's original section 2255 motion. Order, Doc. No. 25.

On March 3, 2014, movant filed his superseding section 2255 motion (Doc. No. 26). Instead of raising arguments related to Descamps, however, movant indicated that (1) in light of United States v. Burrage, 571 U.S. ___, 134 S.Ct. 881 (2014), any prior conviction that is used to increase the minimum or maximum statutory punishment must be submitted to a jury; and (2) his prior second degree burglary convictions should not be considered violent felonies in light of United States v. Boose, 739 F.3d 1185 (8th Cir. 2014), in which the Eighth Circuit found that first degree battery in Arkansas is not a violent felony for purposes of the ACCA. Movant filed supplemental authority on April 4, 2014 (Doc. No. 31), again arguing that Burrage applies to any factual predicate to a sentence enhancement, including the fact of a prior conviction. On August 29, 2014, the Court rejected the first and the supplemental 2255 motions. The Court denied movant's motion for reconsideration on January 14, 2015. Movant filed a notice of appeal on February 10, 2015, and on June 23, 2015, the Eighth Circuit denied his application for certificate of appealability.

On June 26, 2015, the Johnson opinion was released by the Supreme Court, invalidating the residual clause of § 924(e). See Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). On October 27, 2015, movant filed a motion seeking permission to file a successive § 2255 motion based on Johnson. The Eighth Circuit denied that request on March 16, 2016. Movant then filed a second petition seeking leave to file a successive § 2255 motion, and the Eighth Circuit granted that petition on August 5, 2016. The successive § 2255 currently pending was filed on August 11, 2016. Movant argues that his sentence is in excess of the maximum authorized by law, that he no longer qualifies as an armed career criminal because one of his convictions

3

was for second degree burglary of an <u>inhabitable structure</u>, which does not qualify as a "generic burglary" under the ACCA. If that conviction was not counted, movant would not have three prior convictions qualifying as violent felonies under the ACCA. Movant, therefore, asks this Court to vacate his previous sentence of 180 months and him without application of the ACCA.

## II. STANDARD

A motion under 28 U.S.C. § 2255 may present a collateral attack to a sentence under the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. <u>Hill v. United States</u>, 368 U.S. 424, 426–27 (1962); 28 U.S.C. § 2255(a). A § 2255 motion is not a substitute for direct appeal, and is not designed for complaints regarding simple trial errors. <u>Poor Thunder v. United States</u>, 810 F.2d 817, 821 (8th Cir.1987).

## III. JUDGMENT

The Court has reviewed movant's motion and memorandum in support (Doc. No. 1), respondent's opposition (Doc. No. 7), movant's reply (Doc. No. 9), as well as the record in the underlying criminal case. Upon that review, the Court finds that movant's motion (Doc. No. 1) must be granted.

Movant asserts that his conviction for burglary in the second degree does not qualify as a violent felony under the ACCA. In particular, plaintiff argues that when charged as burglary of an inhabitable structure, Missouri's burglary statute does not

4

qualify as generic burglary under the ACCA. The government notes in its response that there may be some support for movant's argument given the Supreme Court's recent opinion in Mathis v. United States, 579 U.S. ___, 136 S.Ct. 2243 (2016), which found "a prior crime qualifies as an ACCA predicate 'if, but only if, its elements are the same or narrower than, those of the generic offense.'" Id. at 2247. The government, however, argues that this route to relief should not be available to those pursuing a successive § 2255 motion, because Mathis does not announce a new law or right.

The Court notes, however, that several other divisions of this court have rejected the government's arguments regarding Mathis and its application to Missouri's second degree burglary statute. See Mahan v. United States, 16-CV-3063-SRB (Doc. No. 10, August 10, 2016) (granting a first motion to vacate over government opposition); Corp v. United States, 16-CV-5051-SRB (Doc. No. 13, August 11, 2016) (granting a first motion vacate over government opposition; Lacy v. United States, 16-CV-0120-ODS, 2016 WL 4528965 (W.D. Mo. August 30, 2016) (granting a first motion to vacate over government opposition); Peterman v. United States, 16-CV-0696-GAF (Doc. No. 10, August 29, (granting a motion to vacate over government opposition on a successive § 2255 Johnson v. United States, 16-CV-0649-NKL, 2016 WL 6542860 (W.D. Mo. Nov. 3, (granting a motion to vacate over government opposition on a successive § 2255 The Court agrees with Judge Fenner in his conclusion that Mathis "only clarifies how courts should apply and should have been applying the ACCA." Peterman, Doc. No. 10 at 8. Therefore, the Court finds that, in light of Johnson, movant's prior conviction for second degree burglary of an inhabitable structure no longer qualifies as a "violent

5

under the ACCA, making his currently imposed sentence of 180 months a per se illegal sentence.

## IV. CONCLUSION

Accordingly, the Court hereby **GRANTS** movant's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1). The Court hereby **ORDERS** that:

1) The Probation Office shall prepare an updated Presentence Investigation Report; and

2) The Court will set a date for the resentencing hearing upon receipt of the Presentence Investigation Report.

**IT IS SO ORDERED.**

Date: January 30, 2017　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge